UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                    Case No: 8:23-cr-168-KKM-NHA

CORTEZ LEO HAUGABOOK,
a/k/a "TRAFFIC,"

      Defendant.

_____

## ORDER

Defendant Cortez Leo Haugabook moves to withdraw his guilty plea. Am. Mot. to Withdraw Guilty Plea (Doc. 234) (Withdrawal Mot.). For the reasons below, that motion is denied.

## I.    BACKGROUND

A federal grand jury indicted Haugabook and several confederates for conspiracy to distribute and possess with intent to distribute a controlled substance and possession with intent to distribute a controlled substance. Indictment (Doc. 13) at 1–2, 5–6. Haugabook entered a plea agreement and pleaded guilty to Counts I and IX of the indictment, (Docs. 137, 151, & 152), and I accepted his plea, (Doc. 161). He now moves to withdraw that plea because, first, he claims that he believed that "he was facing a sentence of [ten] years," and

"was never advised of the potential sentencing range set forth in the presentence report of 292 to 365 months." Withdrawal Mot. ¶ 4. Haugabook next claims that he "was repeatedly told by his prior counsel to just answer yes to the inquiries made by the magistrate judge during the plea colloquy." *Id.* ¶ 5. Finally, Haugabook says that several parts of his plea agreement's factual basis are erroneous. *Id.* ¶¶ 7–9.

## II. LEGAL STANDARD

After a court has accepted a plea, a defendant may withdraw that plea only if he "can show a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B); *United States v. Izquierdo*, 448 F.3d 1269, 1276 (11th Cir. 2006) ("A defendant-movant clearly has the burden on a motion to withdraw a guilty plea."). In deciding whether to permit a withdrawal, a district court considers the totality of the circumstances. *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988). In particular, *Buckles* requires consideration of (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea. *Id.* at 472 ("The good faith, credibility and weight of a defendant's assertions in support of a motion . . . are issues for the trial court to decide."). "The timing of the appellant's motion to withdraw" may also be relevant. *United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987).

2

## III.  ANALYSIS

Haugabook has not shown a "fair and just reason" for withdrawing his guilty plea, so his motion is denied. FED. R. CRIM. P. 11(d)(2)(B).

### A.  Haugabook Has Not Shown That He Lacked Close Assistance of Counsel

To start, Haugabook has not shown that close assistance of counsel was unavailable. Haugabook's arguments about his counsel's ineffectiveness are all inconsistent with the testimony he gave during his plea colloquy, which is accorded "a strong presumption" of truth. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). While he now claims that he "was repeatedly told by his prior counsel to just answer yes to the inquiries made by the magistrate judge," Withdrawal Mot. ¶¶ 5–6, at his change-of-plea hearing he engaged with the Magistrate Judge and asked questions of his attorney, *see* Change of Plea Tr. (Doc. 221) (Tr.) 30:4–33:6. Haugabook also told the Magistrate Judge that he understood "that it's extremely important that [he] understand exactly what [they were] talking about and that the answers that [he gave were] informed and correct." *Id.* 6:12–16. His attorney swears that he "never told [Haugabook] to placate [the Magistrate Judge] by saying 'yes' to her inquiries." Candela Aff. (Doc. 239-2) ¶ 33. No evidentiary basis exists to believe that Haugabook's counsel advised him not to actively participate in his plea colloquy. *See United States v. Sheppard-Lewis*, No. 1:17-CR-7-MW-GRJ, 2019 WL 1781071, at *2, 6 (N.D. Fla. Apr. 5, 2019) (rejecting motion to withdraw guilty plea based on attorney's purported

3

instruction "to simply say 'yes' to every question the judge asked"), *report and recommendation adopted*, No. 1:17CR7-MW/GRJ, 2019 WL 1779977 (N.D. Fla. Apr. 23, 2019), *aff'd*, 820 F. App'x 974 (11th Cir. 2020).

## B. Haugabook's Plea Was Knowing and Voluntary

Haugabook's plea was also knowing and voluntary. As to promises about his potential sentence, Haugabook agreed at his colloquy that "no one made [him] any promise or assurance about anything at all, including, but not limited to, what [his] guidelines might be, what [his] sentence might be or anything else that is not in [his] plea agreement." Tr. 39:13–17. The Magistrate Judge also advised Haugabook that he faced "a mandatory minimum sentence of ten years in prison and a potential sentence of up to life in prison" on Count I and a "mandatory minimum sentence of five years in prison and a maximum potential sentence of up to 40 years" on Count IX, which Haugabook said that he understood. Tr. 15:14–16:9; *see United States v. Pease*, 240 F.3d 938, 941 (11th Cir. 2001) (per curiam) (rejecting a similar involuntariness argument because it was "clear from the transcript of the plea hearing that the magistrate judge repeatedly informed Pease he could not rely on his counsel's prediction of his sentence [and] that the crime to which he pleaded guilty had a mandatory minimum sentence of ten years and a maximum of life imprisonment"). In his affidavit, Haugabook's prior counsel swore that he did not promise Haugabook a particular sentence and that "Haugabook understood that he faced two

mandatory minimums, a high criminal history, and an extremely high level regarding what he would score." Candela Aff. ¶¶ 25, 34–35. Again, Haugabook is presumptively bound by his sworn statements during his plea colloquy (which he has not even attempted to refute by submitting contradictory sworn statements with his motion), and Haugabook points to no evidence that he did not understand the potential extent of his punishment. *See United States v. Beach*, No. 22-11720, 2023 WL 3302877, at *2 (11th Cir. May 8, 2023) ("While Beach now asserts that his attorney made him promises about his sentence, he marshals scant evidence to overcome the strong presumption that his previous statements during the plea colloquy were true."), *cert. denied*, 144 S. Ct. 2609 (2024).

Haugabook also says that he would not "have waived his right to appeal the facts and sentence in his case had he been fully advised of the serous potential ramifications." Withdrawal Mot. ¶ 4. Yet the Magistrate Judge carefully walked Haugabook through his appellate waiver and its impact on his rights, and Haugabook repeatedly said that he understood. Tr. 26:7–28:11. There is no basis for concluding that Haugabook's waiver of his appellate rights was not knowing and voluntary.

His objections to the facts proffered by the Government are similarly flawed. After the Government had laid out its case against Haugabook, the Magistrate Judge asked him, "Are those facts true?" *Id.* 38:23. Under oath, Haugabook answered, "Yes." *Id.* 5:1–23, 38:24. "The statements of a defendant in open court are presumed to be true" and "are not

overcome by a defendant's subsequent bald assertion" to the contrary. *Mitchell v. United States*, No. 8:05-CR-479-T-30MAP, 2009 WL 1444408, at *1 (M.D. Fla. May 21, 2009) (citing *Gonzalez-Mercado*, 808 F.2d 796). Haugabook does not explain why his own avowedly perjurious statements about his past conduct justify allowing him to withdraw his guilty plea under the *Buckles* factors, particularly when he does not claim that he is actually innocent of the offenses charged.

Because Haugabook does not "satisfy the first two *Buckles* factors, it [is not] necessary to" consider the final two. *Beach*, 2023 WL 3302877, at *2 (citing *Gonzalez-Mercado*, 808 F.2d at 801); *United States v. Kirksey*, 283 F. App'x 714, 715 (11th Cir. 2008); *United States v. Hargrave*, No. 3:22-CR-113-MMH-JBT, 2023 WL 4455351, at *6 n.9 (M.D. Fla. July 11, 2023). Nevertheless, those factors do not weigh in his favor.

### C. The Motion's Timing Suggests an Improper Motive for Withdrawal

I may also consider the timing of Haugabook's motion. This case does not involve "[a] swift change of heart" indicating that a "plea was entered in haste and confusion." *Gonzalez-Mercado*, 808 F.3d at 801 (quoting *United States v. Barker*, 514 F.2d 208, 222 (D.C. Cir. 1975) (en banc)); *see* (Doc. 151) (change-of-plea hearing held on February 16, 2024); (Doc. 204) (defendant expresses desire to withdraw plea at status conference on June 7, 2024). Significantly, Haugabook publicly expressed his desire to withdraw only after the final presentence investigation report was filed. *See* (Doc. 189) at 5. This timing suggests

that dissatisfaction with the probation office's calculation of the guidelines range motivated the withdrawal motion. That disappointment is not a legitimate basis for withdrawing a plea. *See Gonzalez-Mercado*, 808 F.2d at 901 ("To have granted the motion under these circumstances would have been to permit appellant to use the guilty plea as a means of testing the weight of the potential sentence—a primary ground for denying plea changes." (quoting *United States v. Simmons,* 497 F.2d 177, 179 (5th Cir. 1974))); *Beach*, 2023 WL 3302877, at *2 ("[The defendant's] motivation [may have been] due to dissatisfaction with his sentence, which isn't a valid basis for [him] to withdraw his guilty plea."); *see also* Withdrawal Mot. ¶ 4 ("[Haugabook] would never have signed the plea agreement had he . . . understood the potential sentencing range recommended by the sentencing guidelines."). This apparent motivation weighs against granting Haugabook's motion.

*     *     *

IV.    CONCLUSION

I conclude that Haugabook has not met his burden of showing a "fair and just reason" for allowing him to withdraw his guilty plea. FED. R. CRIM. P. 11(d)(2)(B).

Accordingly, the defendant's Amended Motion to Withdraw his Guilty Plea (Doc. 234) is **DENIED.**

**ORDERED** in Tampa, Florida, on January 3, 2025.

Kathryn Kimball Mizelle
United States District Judge

8